UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED NAZIM ALI,<br><br>Plaintiff,<br><br>v.<br><br>EBAY, INC.,<br><br>Defendant. | Case No.17-cv-06589-SVK<br><br>**ORDER FOR REASSIGNMENT; REPORT AND RECOMMENDATION TO DENY MOTION TO REMAND**<br><br>Re: Dkt. No. 10 |

On November 15, 2017, Defendant eBay, Inc. ("Defendant") removed this action from Santa Clara Superior Court pursuant to 28 U.S.C. § 1441. ECF 1. The case was assigned to the undersigned magistrate judge. Plaintiff Syed Nazim Ali ("Plaintiff"), proceeding pro se, and Defendant have both declined to proceed before a magistrate judge. ECF 7, 14. Now pending in this employment discrimination case is Plaintiff 's motion to remand. ECF 10. Because the parties have declined jurisdiction of a magistrate judge, the undersigned issues this order for reassignment and makes a report and recommendation regarding the pending motion. For the reasons stated below, the Court recommends denying Plaintiff's motion.

**I. BACKGROUND**

On October 25, 2017, Plaintiff filed his complaint in Santa Clara Superior Court arising out of the termination of Plaintiff's employment with Defendant. Plaintiff alleges eight causes of action: 1) Disability discrimination in violation of the Americans with Disabilities Act (42 U.S.C. § 12101); 2) Age discrimination in violation of the Age Discrimination in Employment Act (29 U.S.C. § 621); 3) Discrimination based on national original in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2200e); 4) Discrimination based on race in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2200e) and the California Fair Employment and Housing Act ("FEHA"); 5) Discrimination based on religion in violation of Title VII of the Civil

Rights Act of 1964 (42 U.S.C. § 2200e); 6) Retaliation in violation of FEHA; 7) Failure to accommodate disability in violation of FEHA (California Government Code s 12940(m)); and 8) Intentional Infliction of Emotional Distress. ECF 1-1.

On November 15, 2017, Defendant removed the action pursuant to 28 U.S.C. § 1441. ECF 1. On November 20, 2017, Plaintiff filed his objection to removal and motion to remand. ECF 10. Plaintiff asserts that the Court should remand this action to state court because, although his removed complaint states six federal claims, he identifies the claims arising out of the California Fair Employment and Housing Act as the "primary causes of action." ECF 10 at 2.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any matter that could have been filed in federal court. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Title 28 U.S.C. § 1441(a) provides,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 683–85 (9th Cir. 2006). Removal statutes are strictly construed and any doubts are resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992). The Court may remand an action to state court for lack of jurisdiction or for any defect in the removal procedure. 28 U.S.C. § 1447(c).

Because federal courts are courts of limited jurisdiction, they are presumed to lack jurisdiction unless the contrary is established. *Gen. Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968, 968–69 (9th Cir.1981). Under 28 U.S.C. § 1331, the Court has "original jurisdiction" for all actions arising under federal law. This statute reads, "The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

## III. ANALYSIS

The face of the complaint reveals that Plaintiff alleges six federal claims, therefore removal was proper under 28 U.S.C. § 1331, which confers original jurisdiction over all actions arising under the Constitution, laws, or treaties of the United States. Although Plaintiff claims that his two FEHA claims are his "primary claims," the Court looks to the face of the complaint for determination of removal. *Duncan*, 76 F.3d at 1485 ("[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question."). Indeed, a "single federal claim suffices to support removal." *See In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 710 (7th Cir. 1992); 28 U.S.C. § 1441(c). *See also Amante v. VWR Int'l, LLC*, No. C-13-CV-03206-JSC, 2013 WL 5187075, at *1 (N.D. Cal. Sept. 16, 2013) (denying motion to remand where a single federal cause of action created jurisdiction and holding that amending complaint after removal would not preclude removal). The Court has original jurisdiction over Plaintiff's six federal claims, regardless of whether they are the "primary causes of action." Therefore, removal was proper.

## IV. CONCLUSION

Because the parties have declined consent to a magistrate judge, the Court orders this matter reassigned to a district judge with this recommendation that the removal was proper based on the Court's original jurisdiction to adjudicate Plaintiff's six federal claims and therefore that Plaintiff's motion to remand be denied.

**SO ORDERED AND RECOMMENDED.**

Dated: December 14, 2017

SUSAN VAN KEULEN
United States Magistrate Judge