UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYED NAZIM ALI,<br><br>      Plaintiff,<br><br>    v.<br><br>EBAY, INC.,<br><br>      Defendant. | Case No. 17-cv-06589-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO DENY MOTION TO REMAND**<br><br>[Re: ECF 10, 21] |

Plaintiff Syed Nazim Ali ("Ali"), proceeding pro se, brings this action against Defendant eBay, Inc. ("eBay") for alleged employment discrimination and wrongful termination. *See* ECF 1-1 ("Compl."). On November 15, 2017, eBay removed this action to federal district court from Santa Clara Superior Court on the basis of federal question jurisdiction. *See* ECF 1. Ali filed an objection to removal and motion to remand the action to state court. *See* ECF 10. The case initially was assigned to Magistrate Judge Susan van Keulen, who issued a report and recommendation ("R&R") that Ali's motion to remand be denied. *See* R&R, ECF 21. The case thereafter was reassigned to the undersigned judge. *See* Order Reassigning Case, ECF 25.

A party may file written objections to a magistrate judge's recommended disposition of a case within 14 days after being served with a copy of the recommended disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If the party is served with the R&R by mail, that 14-day period is extended by 3 days. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . , 3 days are

added after the period would otherwise expire."). The district judge must determine de novo any part of the magistrate judge's disposition as to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Neither § 636 nor Rule 72 prescribes a standard of review when no party objects. However, the Advisory Committee Notes to Rule 72 indicate that when no timely objection is filed, the district court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, Advisory Committee Notes (1983).

The clear error standard has been adopted by numerous district courts within the Ninth Circuit. *See, e.g.*, *United States v. Mendez*, 240 F. Supp. 3d 1005, 1006 (D. Ariz. 2017) ("The Court reviews for clear error the unobjected-to portions of the R&R."); *Hayden v. United States*, 147 F. Supp. 3d 1125, 1126-27 (D. Or. 2015) (reviewing magistrate judge's R&R for clear error where no objections filed); *Coldwell Banker Real Estate, LLC v. DC Prop. & Loans, Inc.*, No. C 13-4732 SBA, 2014 WL 5474584, at *2 (N.D. Cal. Oct. 27, 2014) (same).

No objections to the R&R have been filed and the deadline to object has elapsed. *See* Certificate of Service, ECF 21-1 (showing mail service of R&R on Ali on December 14, 2017). Accordingly, this Court reviews the R&R for clear error. The Court finds none. The face of the Complaint explicitly asserts six federal claims for relief including violations of the Americans with Disabilities Act of 1990 ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and Title VII of the Civil Rights Act OF 1964. *See* ECF 1-1; *see also* Motion to Remand Exh. 1, ECF 10-1. Thus, the Court is satisfied that it has subject matter jurisdiction over the action at this stage, and eBay's removal was proper.

As stated in the R&R, federal question jurisdiction arises if the complaint alleges a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court agrees with the R&R's conclusion that the assertion of federal claims in the Complaint supports removal, despite Ali's argument that the remaining state law claims are his "primary" claims. *See* R&R at 3. The Court has original jurisdiction over the federal claims and supplemental jurisdiction over the state law claims, regardless of which claims Ali deems "primary." *See* 28 U.S.C. §§ 1331, 1367.

For the foregoing reasons, the Court finds Judge van Keulen's R&R legally correct, well-reasoned, and thorough. Accordingly, IT IS HEREBY ORDERED that:

1) Judge van Keulen's R&R (ECF 21) is ADOPTED;
2) Ali's Objection to Removal and Motion to Remand (ECF 10) is DENIED.
3) An Initial Case Management Conference has been scheduled in this matter for **May 3, 2018 at 11:00 A.M.** before the undersigned. *See* ECF 26.

Dated: January 12, 2018

_____
BETH LABSON FREEMAN
United States District Judge