UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED NAZIM ALI,<br><br>    Plaintiff,<br><br>v.<br><br>EBAY, INC.,<br><br>    Defendant. | Case No. 17-cv-06589-BLF (SVK)<br><br>**ORDER REGARDING JULY 2, 2018, DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 41, 42, 44, 45 |

Defendant eBay, Inc. ("eBay") submitted two discovery letters on July 2, 2018, regarding separate discovery disputes with Plaintiff Syed Nazim Ali ("Ali"). ECF 41, 42. On July 4, 2018, Ali responded to those letters. ECF 44, 45. eBay's letters raise two issues: (1) Ali's revocation of his consent to the release of his medical records after eBay prepared subpoenas to Ali's healthcare providers, and (2) Ali's cancellation of his deposition and request to delay his deposition due to his high blood pressure. ECF 41, 42. In the underlying case, Ali sues eBay based on claims arising from Ali's work as a contract employee. ECF 1 at Ex. A. Ali seeks damages from eBay, alleging disability, age, national origin, race, and religious discrimination as well as failure to accommodate, retaliation, and intentional infliction of emotional distress. *Id.* Ali further alleges that he suffers both physical and emotional injuries because of these events. *Id.*

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and rules as follows:

I. **Plaintiff Ali's Medical Records**

eBay seeks an order to compel the production of Ali's medical records. *See* ECF 41. Ali originally signed a consent form for the release of his medical records. *Id.* at Ex. A. But after eBay provided Ali with copies of the subpoenas, Ali withdrew his consent. *Id.* at 6. Ali argues that eBay did not disclose the scope of the requests when first obtaining his consent, and Ali

objects to the subpoenas on numerous grounds, including that they are overbroad and infringe on his right to privacy under the Privacy Act and the Health Insurance Portability and Accountability Act ("HIPPAA"). ECF 44 at 2. According to Ali, the Court should limit the disclosure of his medical records to (1) August 2016, the time of his termination at eBay, and (2) the physical nature of his disability. *Id.* at 2.

In general, Ali has a right to privacy over his medical records. *Anderson v. Clawson*, 2014 WL 3725856, at *2 (N.D. Cal. July 25, 2014) (citation omitted). But a person waives their right to privacy by bringing claims concerning physical or mental health injuries and seeking damages for those injuries. *See Enwere v. Terman Assocs., L.P.*, 2008 WL 5146617, at *2 (N.D. Cal. Dec. 4, 2008). Such a waiver is limited and only applies to private information relevant to the lawsuit. *Id.* Although Ali also cites the Privacy Act, ECF 44 at 2, the Privacy Act only precludes the disclosure of certain kinds of personal information by federal agencies and does not protect information from disclosure in litigation pursuant to a valid discovery request. *See e.g. Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C.Cir.1987).

Here, Ali places both his physical and mental health at issue. *See* ECF 1 at Ex. A. First, Ali's claims of disability discrimination, failure to accommodate, and retaliation concern his physical health, in particular the knee, joint, back problems that cause his disability. *Id.* at Ex. A, ¶ 19. Second, Ali's intentional emotional distress claim and decision to seek damages for emotional distress resulting from his other claims puts his mental and emotional health at issue. *Id.* at ¶¶ 66, 74, 78–81. In particular, Ali alleges that because of eBay's retaliation and wrongful termination, he "suffer[s] physical and emotional injuries including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety." *Id.* at ¶ 66. By these allegations Ali waives his right to privacy in his mental health records.

Ali appears to acknowledge the relevance of both his physical and mental health by offering to have his doctors provide a letter confirming plaintiff's disability and emotional distress as well as the dates and nature of Ali's treatment. ECF 44 at 4. But a letter of unknown origin, signed by treatment providers selected by Plaintiff, is not sufficient. eBay is entitled to examine

Ali's medical records and healthcare providers regarding the physical and mental health allegations in the Complaint. Further, to the extent Ali alleges that eBay is the cause of his mental distress, eBay is entitled to examine records and providers from an earlier time frame to test the allegations of causation. eBay's access to Ali's historical medical information is not, however, unlimited and should be bounded by a reasonable time period.

Accordingly, the Court orders Ali to execute a release for each of his medical providers for any alleged disability; medical condition; emotional, mental, physical or psychological damage; distress; or injury for which treatment has been sought since August 8, 2013. Ali shall provide eBay with a complete list of his medical providers since August 8, 2013, and their contact information. Ali's medical providers, including Community Psychiatry and Drs. Kisuk Cho, Catherine Reed, Charles Kaspar, Raymond Lorenzato, Smith, and Shaid, shall release his medical records to counsel for eBay.

## II. Plaintiff Ali's Deposition

eBay's second discovery letter raises issues regarding Ali's deposition. *See* ECF 42. eBay originally noticed Ali's deposition for June 14, 2018, but Ali requested a continuance due to his high blood pressure. *Id.* at 2. Ali contends that the stress of this case continues to keep his blood pressure at dangerous levels, and as a result, a written deposition under Fed. R. Civ. P. 31 is more appropriate. ECF 45 at 2. One of Ali's physicians has instructed that any oral deposition should be rescheduled if Ali's blood pressure remains higher than 160/90 during the deposition. *Id.* at Ex. 1. As a result, the parties have not agreed on a new date for Ali's deposition. eBay seeks an order (1) setting a date for Ali's deposition, (2) requiring Ali to pay the costs of any additional deposition sessions due to delays caused by his health condition, and (3) allowing the parties to conduct the deposition at the Courthouse. ECF 42 at 4–6.

Parties have a justified desire to take the oral deposition of a key witness rather than rely on a written deposition. *See Hines v. California Pub. Utilities Comm'n*, 2009 WL 3621878, at *1 (N.D. Cal. Oct. 29, 2009); *Sec. & Exch. Comm'n v. Wu*, 2016 WL 4943000, at *4 (N.D. Cal. Sept. 16, 2016) ("A written deposition is no substitute for an oral deposition."). Indeed, oral depositions have several advantages over written depositions, including the opportunity for follow-up

3

questions. Ali initiated this litigation, and eBay's insistence on an oral deposition is reasonable. However, Ali has identified a medical condition that should be taken into consideration in arranging the deposition. Unfortunately, the parties have been unable to reach such an accommodation on their own.

Accordingly, Ali must appear for two (2) half-day deposition sessions. Each session shall consist of 3.5 hours of recorded time. Plaintiff may take breaks as needed, but such breaks are not to exceed a total of 90 minutes in each half-day session. Both sessions shall take place no later July 31, 2018. The Court orders these two sessions, totaling seven (7) hours, without prejudice to eBay to seek additional deposition time upon a showing of good cause. The Court denies eBay's requests for costs incurred during additional deposition days and for an order to conduct to the deposition at the Courthouse, without prejudice to renew those requests upon a showing of good cause.

### III. Sanctions

eBay seeks sanctions in connection with both discovery disputes. *See* ECF 41, 42. The Court DENIES those requests without prejudice. The parties are reminded that the standards of professional conduct and Civil Local Rule 11-4 require them to "[p]ractice with the honesty, care, and decorum required for the fair and efficient administration of justice." The parties are encouraged to maintain a calm, civil environment throughout Ali's deposition to help control Ali's blood pressure and to ensure an efficient use of both parties' time. Inappropriate conduct during discovery or depositions by either party will lead to sanctions in an amount and manner to be determined by the Court, including and up to case dispositive sanctions. *See* Fed. R. Civ. P. 37(b)(2); *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998) ("Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate.").

### IV. Conclusion

The Court's Order is summarized as follows:

1. The Court GRANTS eBay's motion to compel the production of Ali's medical records. Ali must execute a release for each of his medical providers for any alleged disability;

medical condition; emotional, mental, physical or psychological damage; distress; or injury for which treatment has been sought since August 8, 2013. Ali shall provide eBay with a complete list of his medical providers since August 8, 2013, and their contact information. Ali's medical providers, including Community Psychiatry and Drs. Kisuk Cho, Catherine Reed, Charles Kaspar, Raymond Lorenzato, Smith, and Shaid, shall release his medical records to counsel for eBay.

2. The Court GRANTS eBay's motion to compel Ali to appear for a deposition. Ali must appear for two (2) half-day deposition sessions. Each session shall consist of 3.5 hours of recorded time. Plaintiff may take breaks as needed, but such breaks are not to exceed a total of 90 minutes in each half-day session. Both sessions shall take place no later July 31, 2018. The Court orders these two sessions, totaling seven (7) hours, without prejudice to eBay to seek additional deposition time upon a showing of good cause. The Court denies eBay's requests for costs incurred during additional deposition days and for an order to conduct to the deposition at the Courthouse, without prejudice to renew those requests upon a showing of good cause.

3. The Court DENIES eBay's request for sanctions without prejudice.

**SO ORDERED.**

Dated: July 10, 2018

SUSAN VAN KEULEN
United States Magistrate Judge