UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED NAZIM ALI,<br><br>    Plaintiff,<br><br>v.<br><br>EBAY, INC.,<br><br>    Defendant. | Case No. 17-cv-06589-BLF (SVK)<br><br>**ORDER REGARDING DEFENDANT'S REQUESTS FOR PRODUCTION, SETS ONE AND TWO**<br><br>Re: Dkt. Nos. 53, 60 |

Before the Court is Defendant eBay, Inc.'s ("eBay") discovery letter seeking to compel Plaintiff Syed Nazim Ali ("Ali") to produce responses to the sixteen categories of documents set forth in eBay's Request for Production ("RFP"), Sets One and Two. ECF 53. In the underlying case, Ali sues eBay on claims arising from Ali's work as a contract employee. ECF 1 at Ex. A. Ali seeks damages from eBay, alleging disability, age, national origin, race, and religious discrimination as well as failure to accommodate, retaliation, and intentional infliction of emotional distress. *Id.* Ali further alleges that he suffers both physical and emotional injuries because of these events. *Id.* These claims arise out of Ali's placement with eBay from May 2016 to August 2016 through cPrime, a temporary IT staffing agency and Ali's actual employer at the time. ECF 53 at 3.

The Honorable Judge Freeman adopted and modified a phased discovery schedule with the Alternative Dispute Resolution ("ADR") discovery phase now to be completed by October 22, 2018, and an early settlement conference to be held by November 30, 2018. ECF 63. During the ADR phase of discovery the Parties are permitted sixteen document requests per a side. ECF 40 (adopting ECF 37).

## I. BACKGROUND

### A. eBay's RFPs, Set One

On May 4, 2018, eBay served Ali with its RFPs, Set One. ECF 53 at Ex. 1. Ali then sent eBay two responses to those requests. *Id.* at Ex. 2, Ex. 3. In the first of these responses, dated June 3, 2018,[1] eBay contends that Ali does not allege that responsive documents do not exist and conditions most of his production on eBay responding to his RFPs. *Id.* at 1. eBay alleges that Ali made similar representations during a meet and confer session. *Id.* at 2. Ali's second response on June 8, 2018, included additional objections and twelve pages of documents. *Id.* at 1. eBay argues that Ali's second response is invalid because Ali improperly sent it by email, and it was untimely. *Id.* at 2, 7. eBay asserts that as a result, the additional objections in Ali's second response are invalid and waived. *Id.* at 7.

eBay argues that all of its RFPs seek tailored information, relevant to Ali's claims, and Ali must respond to those requests. *Id.* at 2. eBay contends that Fed. R. Civ. P. 34 does not allow Ali to condition his responses to its RFPs on eBay's production of documents during discovery. *Id.* According to eBay, Ali has not produced any documents other than those attached to his complaint.[2] *Id.* Further, eBay alleges that Ali does not state that he has conducted a good faith search and reasonable inquiry or describe the steps he used to search for documents. *Id.* at 8. eBay additionally alleges that Ali is withholding responsive documents in his possession. *Id.* at 2. To support this allegation, eBay cites several examples of withheld documents such as Ali's filings with the Equal Employment Opportunity Commission ("EEOC"), documents related to mitigation, and files that Ali allegedly told eBay he transferred onto a personal storage devise. *Id.*

Ali's discovery letter asserts that he has produced all responsive documents in his possession. ECF 60 at 2, 3. Ali notes that more information and documents were stored on a computer provided to him by eBay, but eBay took that computer from Ali upon his termination. *Id.* at 2. Ali alleges that because eBay took back its laptop "without any warning" he did not have

---

[1] eBay contends that it did not actually receive Ali's responses by mail until June 6, 2018. ECF 51 at n.3.
[2] eBay notes that the 12 pages of documents Ali produced in his June 8, 2018, response were also attached to his complaint. ECF 53 at 1–2.

an opportunity to transfer any personal files. *Id.* Further, Ali contends that he has had difficulty locating documents after moving three times over the past years. *Id.* at 3. But Ali pledges to continue to share information and documents during both phases of discovery. *Id.*

### B. eBay's RFP, Set Two

eBay served Ali with its RFP, Set Two on June 8, 2018. ECF 53 at 8. eBay alleges that Ali improperly served his objections via email on June 11, 2018. *Id.* eBay argues that as a result, Ali's objections are waived. *Id.* eBay also contends that Ali's objections lack merit, and that Ali has failed to state that he has conducted a good faith search and reasonable inquiry or describe the steps he used in his search. *Id.* Finally, eBay points to Ali's response to its RFP, Set Two, and Ali's EEOC filings as proof that Ali took documents from his eBay computer using a personal storage devise. *Id.* eBay seeks an order from the Court compelling Ali to produce these documents. *Id.*

Ali's discovery letter does not differentiate between eBay's first and second set of RFPs. As with eBay's RFPs, Set One, Ali asserts that: (1) he has produced all the responsive documents in his possession (ECF 60 at 2, 3), (2) upon Ali's termination eBay took back its laptop, so he did not have an opportunity to transfer any personal files (*Id* at 2), and (3) while Ali contends that he has had difficulty locating documents, he will continue to share information and documents during both phases of discovery (*Id.* at 3.).

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument. Having considered Judge Freeman's order phasing discovery, the Parties' positions, and the Court's General Order 71(Initial Discovery Protocols for Employment Cases Alleging Adverse Action)[3], the Court ORDERS as set forth below.

## II. DISCUSSION

The Court has considered the Parties' discovery letters, eBay's RFPs, and Ali's objections and arguments. In consideration of Ali's pro se status, the Court accepts the objections contained in Ali's June 8 responses to eBay's RFPs, Sets One and Two. While the Court finds that Ali's

---

[3] eBay removed this action to this Court prior to General Order 71 taking effect on February 1, 2018; however, its protocol for document production is instructive.

3

objections lack merit, the Court has modified eBay's requests in light of the purpose of ADR discovery, which is to efficiently provide the Parties with helpful, but limited, information to engage in a productive ADR session. To the extent the Court refers to the "second phase of discovery," that phase follows the early settlement conference. In certain instances, the Court directs Ali to produce additional documents in the second phase of discovery, without further requests from eBay. For other requests the Court simply limits Ali's production during the ADR phase of discovery. The Court orders those limitations without prejudice to eBay to renew its request and seek additional related, relevant information in the second phase of discovery, should the case continue.

In sum, Plaintiff Ali shall promptly complete a diligent search and reasonable inquiry for all responsive documents to eBay's RFPs, Sets One and Two as modified below. Plaintiff Ali shall produce the documents located during this search, or confirm he has no responsive documents, by **August 20, 2018**. Any responsive documents not produced by Ali by August 20th may be excluded in future proceedings.

**RFP NO. 1:** RFP NO. 1 seeks information related to an allegation in Ali's complaint against eBay. The Court finds that this request is generally directed to relevant material, but eBay's use of the term "pertaining" is vague and overbroad. Accordingly, Ali is to produce by August 20, 2018, all documents that Ali relies on to support his allegation that he was "retained by the Defendant to work until the year ends for the project this was renewable [sic]," as alleged in paragraph nine of Ali's complaint.

**RFP NO. 2:** The Court has previously ordered Ali to produce all his medical records dating back to August 8, 2013. ECF 46. In addition to those records, Ali must produce by August 20, 2018, any requests for reasonable accommodation made to cPrime or eBay and any responses to those requests. To the extent eBay seeks documents that are not covered by those categories, eBay's request is overbroad and therefore not in proportion to the ADR discovery phase of this case.

**RFP NO. 3:** RFP NO. 3 seeks information related to an allegation in Ali's complaint against eBay. The Court finds that this request is generally directed to relevant material, but

4

eBay's use of the term "pertaining" is vague and overbroad. Accordingly, Ali is to produce by August 20, 2018, any complaints he filed with the EEOC or the Department of Fair Employment and Housing ("DFEH"), as described in paragraph 21 of Ali's complaint and any documents or communications he submitted to the EEOC or DFEH in support of any complaints.

**RFP NO. 4:** RFP NO. 4 seeks information related to an allegation in Ali's complaint against eBay. The Court finds that this request is generally directed to relevant material, but eBay's use of the term "pertaining" is vague and overbroad. Accordingly, Ali is to produce by August 20, 2018, all documents that Ali relies on to support his allegation that there were other employees at eBay who made and were granted the same accommodation request, as alleged in paragraph 29 of Ali's complaint by.

**RFP NO. 5:** RFP NO. 5 seeks information related to allegations in Ali's complaint against eBay. The Court finds that this request is generally directed to relevant material, but eBay's use of the term "pertaining" is vague and overbroad. Accordingly, Ali is to produce by August 20, 2018, all documents that Ali relies on to support his allegation that eBay discriminated against him on the basis of his age, disability, race, religion, and/or national origin in the terms and conditions of employment, or retaliated against him for requesting a reasonable accommodation or for any other claimed unlawful reason, as alleged in Ali's complaint.

**RFP NO. 6:** RFP NO. 6 seeks information related to allegations in Ali's complaint against eBay. The Court finds that this request is generally directed to relevant material, but eBay's use of the term "pertaining" is vague and overbroad. Accordingly, Ali is to produce by August 20, 2018: (1) all documents referring to or reflecting any compensation received by Ali from any source since the end of his assignment with eBay, and (2) all documents Ali relies on to support his claims for economic damages. Additional documents related to Ali's mitigation efforts are relevant, and eBay may seek production of those documents in the second phase of discovery.

**RFP NO. 7:** RFP NO. 7 seeks information related to an allegation in Ali's complaint against eBay. The Court finds that this request is generally directed to relevant material, but it is overbroad for the ADR phase of discovery. Accordingly, in the second phase of discovery, eBay can request all documents Ali relies on to support his allegation that "as a further proximate result

5

of Defendant's actions, Plaintiff has suffered and continues to suffer impairment and damage to Plaintiffs good name and reputation by Defendant," as alleged in paragraph 34 of Ali's complaint.

**RFP NO. 8:** The Court finds that eBay's RFP NO. 8 is generally directed to relevant material, but eBay's use of the term "pertaining" is vague and overbroad. Further, the Court finds that RFPs NOs. 6 and 12 as well as the Court's order on Ali's medical records (ECF 46) provide sufficient discovery related to the issue of damages for the ADR phase of discovery. Additional documents related to Ali's damages are relevant, and eBay may seek production of those documents the second phase of discovery.

**RFP NO. 9:** RFP NO. 9 seeks information related to allegations in Ali's complaint against eBay. The Court finds that this request is generally directed to relevant material, but eBay's use of the term "pertaining" is vague and overbroad. Accordingly, Ali is to produce by August 20, 2018, any documents Ali relies on to support his claim that he "applied to 12 IT jobs where he meets and exceed qualification, skills, and professional certifications, none of such job [sic] offered to [him] due to [eBay's] workplace discrimination and unlawful internal hiring and recruiting practices [sic]," as alleged in paragraphs 36, 40, 45, 53, and 60 of Ali's complaint by.

**RFP NO. 10:** RFP NO. 10 seeks information related to allegations in Ali's complaint against eBay. Accordingly, Ali is to produce by August 20, 2018, any documents related to his employment arrangement with cPrime, including, but not limited to, recruiting, application and hiring documents, time records, contracts, payroll records, compensation arrangements, personnel file, income, and employment policies.

**RFP NO. 11:** RFP NO. 11 seeks information related to an allegation in Ali's complaint against eBay. The Court finds that this request is generally directed to relevant material, but eBay's use of the term "pertaining" is vague and overbroad. Accordingly, Ali is to produce by August 20, 2018, all documents that Ali relies on to support his claim that he has been "discriminated against because of his expert professional work intelligence, a neutral and biased risk reporting ethics to senior management regarding the flaws, gaps in the system during his professional engagement" and "a victim of discrimination and retaliation based on his review and analysis of PCI 3.11 UCF Security Control in which he brought to the management attention the

flaws, gaps, and issues with the PCI 3 .1. Instead of management taking corrective action to clear up the problem, they took it out on Mr. Ali which resulted in his termination," as alleged in paragraphs 52 and 64, respectively, of Ali's complaint.

**RFP NO. 12:** The Court has previously ordered Ali to produce all his medical records dating back to August 8, 2013. ECF 46. In addition to those records, Ali must produce by August 20, 2018, documents showing any disability benefits that Ali applied for or received on account of his alleged disability or alleged mental and emotional injuries in this case.

In the second phase of discovery, Ali is to produce any documents authored by him or communications to or from him relating to his alleged disability. To the extent eBay seeks documents that are not covered by those categories, eBay's request is overbroad and therefore not in proportion to this case.

**RFP NO. 13:** This request is overbroad and therefore not in proportion to the ADR discovery phase of this case. In particular, the Court denies eBay's request for the production of text messages on the grounds that eBay's request is unduly burdensome and not proportional to the needs of the case. eBay may renew this request in a subsequent phase of discovery upon a showing of good cause. The Court modifies RFP NO. 13 as follows:

In the second phase of discovery, Ali is to produce all communications, excluding text messages except as noted above, between Ali and any person, regarding Ali's recruitment or hiring by cPrime, assignment with eBay, Inc., the ending of Ali's assignment with eBay, eBay's alleged disability discrimination, race discrimination, religious discrimination, national origin discrimination, retaliation, failure to accommodate disability, and/or infliction of emotional distress, or any of the factual allegations in Ali's complaint.

**RFP NO. 14:** Although RFP NO. 14 seeks information related to allegations in Ali's complaint against eBay, this request seeks information not in proportion to the ADR discovery phase of the case. Accordingly, in the second phase of discovery, eBay may seek documents posted on blogs, wikis, or social networking websites (including Facebook, Instagram, Twitter, or LinkedIn) or other websites, by Ali, which relate to or refer to the claims or factual allegations made in Ali's complaint.

**RFP NO. 15:** The Court finds that this request seeks information generally relevant to Ali's claims and eBay's defenses in this case; however, eBay's use of the terms "pertaining," "threatened," and "informal" are vague and overbroad. Settlement agreements and/or payments between Ali and cPrime are particularly relevant and may prove helpful during ADR. Accordingly, Ali must produce by August 20, 2018, any and all documents reflecting any settlement agreements or payments made between Ali and cPrime. The Court finds that the Parties' protective order (ECF 57) adequately addresses Ali's objections regarding the confidentiality of his alleged settlement agreement with cPrime. Further, confidential agreements typically provide that a party may produce the agreement subject to a court order. If Ali's agreement with cPrime does not contain a similar provision, Ali may submit the agreement **to the Court for review by August 14, 2018**, prior to production to eBay.

**RFP NO. 16 (RFP, Set Two, #1):** This request seeks relevant information, proportional to the ADR phase of discovery. Accordingly, Ali must produce by August 20, 2018, any and all documents in his possession responsive to RFP NO. 16.

Finally, the Court also **DENIES** Ali's request to order Defendant eBay to accept service of documents by email instead of mail. ECF 60 at 5. Such a request is not properly before the Court, and eBay has not consented to service by email. ECF 53 at 2.

### III. CONCLUSION

Notwithstanding Ali's pro se status, he must promptly complete a diligent search and reasonable inquiry for all responsive documents to eBay's RFPs, Sets One and Two as modified above to comply with Rule 34. As to each of eBay's RFPs which the Court has ordered Ali to produce responsive documents, Ali shall produce by **August 20, 2018,** all the documents located during his search, or confirm that he has no responsive documents. Any responsive documents not produced by Ali by August 20th may be excluded in future proceedings.

**SO ORDERED.**

Dated: August 10, 2018

SUSAN VAN KEULEN
United States Magistrate Judge