United States District Court
Northern District of California

1

2

3

**UNITED STATES DISTRICT COURT**

4

**NORTHERN DISTRICT OF CALIFORNIA**

5

**SAN JOSE DIVISION**

6

7  SYED NAZIM ALI,                           Case No. 17-cv-06589-BLF

8          Plaintiff,                        **ORDER REQUIRING RESPONSE IN
                                             PART AND DENYING IN PART**
9      v.                                    **DEFENDANT EBAY, INC.'S MOTION
                                             FOR PARTIAL RELIEF FROM**
10 EBAY, INC.,                               **NONDISPOSITIVE PRETRIAL ORDER
                                             OF MAGISTRATE JUDGE**
11          Defendant.
                                             [Re: ECF 64]
12

13

14         Before the Court is Defendant eBay, Inc.'s ("eBay") Motion for Partial Relief from

15 Magistrate Judge Susan van Keulen's Nondispositive Pretrial Order. Mot., ECF 64; Order, ECF

16 54. eBay seeks relief from the Order as to three of the requests for production ("RFP") at issue in

17 the parties' July 16, 2018 discovery dispute. *See* ECF 54. Specifically, eBay challenges the Order

18 as to RFP Nos. 8, 9, and 10.

19         The Court has reviewed eBay's Motion and exhibits, the Order, and the parties' discovery

20 letters regarding the dispute (ECF 47; ECF 52), which formed the basis for the Order. For the

21 reasons that follow, and pursuant to Civil L.R. 72-2, the Court ORDERS Plaintiff Syed Nazim Ali

22 ("Ali") to file a response to eBay's Motion as to whether the Order's modified RFP No. 8

23 infringes on third-party employees' privacy rights. Ali shall file a response of no more than 3

24 pages on or before **August 17, 2018**. eBay may file a reply of not more than 3 pages on or before

25 **August 24, 2018,** addressing the privacy concerns raised by RFP No. 8 *only.* The Court DENIES

26 eBay's motion with respect to RFP Nos. 9 and 10.

27  **I.     LEGAL STANDARD**

28         A district court may refer nondispositive pretrial matters to a magistrate judge under 28

1  U.S.C. § 636(b)(1)(A).  The district court "may reconsider any pretrial matter under this

2  subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or

3  contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).  On review of a

4  nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the

5  magistrate's legal conclusions are reviewed to determine whether they are contrary to law."  *Perry*

6  *v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).  This standard is highly deferential—

7  the district judge may not simply substitute his or her judgment for that of the magistrate judge.

8  *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

9  **II.    DISCUSSION**

10  In the instant motion, eBay argues that the Order as to RFP Nos. 8, 9, and 10

11  impermissibly failed to address eBay's objections and disregarded Fed. R. Civ. Proc. 26(b)'s

12  mandate that discovery be "proportional to the needs of the case."  Mot. at 1.  eBay further argues

13  that both Ali's original RFPs and the Order's modified RFPs fail to meet this proportionality test.

14  *Id.*  This Court discusses each RFP in turn.

15  **A.    RFP No. 8**

16  Ali's RFP No. 8 requested production of any request made in the last five years by an eBay

17  employee or worker for a sit and stand desk, including production of the worker's name, title,

18  department, age, race, and national origin, as well as eBay's relevant policies and the names of the

19  managers responsible for fulfilling each request.  ECF 64-1 at 8.  In his discovery letter in support

20  of his RFPs, Ali argued that information produced in response to his RFPs would serve, in part, as

21  the "[f]oundation" to his ADA and failure to accommodate claims.  *See* ECF 47 at 2.  Taking into

22  account Ali's pro se status, this argument clearly applies to ECF No. 8.  Judge van Keulen's Order

23  agreed in part, but modified Ali's request, limiting it to requests for a sit and stand desk received

24  by eBay from May 23, 2016 to August 5, 2016 (Ali's term of employment), requiring production

25  of information sufficient to identify the requesting individuals, and requiring production of the

26  relevant policies.  Order at 3.

27  eBay argues the Order is improper for two reasons.  *See* Mot. at 2–4.  First, it argues that

28  the request is overbroad and unduly burdensome because it targets all employee requests rather

2

1  than just Ali's alleged request—that is, that the request requires production of evidence that is

2  irrelevant and disproportionate to the needs of the case. *Id.* Second, it argues that the request calls

3  for production of information that may violate third-party employees' privacy rights. *Id.* at 3.

4  As to the Order's ruling on proportionality, the Order's modifications to the RFP

5  demonstrate that Judge van Keulen appropriately considered what discovery would be relevant

6  and proportional to the needs of the case. *See* Fed. R. Civ. Proc. 26(b). Indeed, her explicit

7  rejections of other RFPs based on their unduly burdensome and disproportionate natures

8  demonstrate that she considered these factors with respect to RFP No. 8, as well. *See, e.g.*, Order

9  at 3–4 (RFP Nos. 7, 12). Moreover, in applying this test, Judge van Keulen substantially narrowed

10  the number and types of documents eBay must produce, more specifically targeting the facts and

11  claims of the case. This Court cannot replace Judge van Keulen's reasoned judgment on the

12  necessary scope of discovery with its own. *See Grimes*, 951 F.2d at 241. The Order's

13  proportionality ruling was not clearly erroneous or contrary to law.

14  As to the privacy issue, however, the Order did not clearly consider eBay's argument,

15  made in its Motion (at 3) and its letter brief below (ECF 52 at 5), that RFP No. 8 may lead to a

16  production that violates eBay employees' privacy rights. In both Ali's original RFP No. 8 and the

17  Order's modified version, eBay is required to produce employee requests for sit and stand desks,

18  as well as information sufficient to identify those employees. eBay argues that these requests may

19  include employees' *reasons* for making such requests. Mot. at 3. These reasons may constitute

20  sensitive medical information, in which individuals have a strong right to privacy. Though the

21  Order required the parties to execute a protective order, that protective order does not contemplate

22  private medical information, and in any event could not require the parties to designate such

23  information as "Attorneys' Eyes Only" because Ali proceeds here pro se. *See* ECF 57. Because

24  of the potential risk to privacy rights associated with this request, this Court orders Plaintiff to file

25  a response of no more than 3 pages with respect to whether this request could improperly violates

26  privacy rights.

27

28

3

**B.     RFP No. 9**

Ali's RFP No. 9 requested production of identifying information of the candidates hired for the 12 employment positions at eBay to which Ali applied, including those hirees' names, resumes, ages, races, religions, and hiring managers' names and races, as well as the job qualification requirements and the specific criteria used to vet candidates. ECF 64-1 at 9. In his discovery letter in support of his RFPs, Ali argued that information produced in response to his RFPs would reveal, in part, information to support his argument that eBay engaged in "unfair employment practices and hiring to only one specific protected class" in their IT Department. ECF 47 at 2. This argument directly applies to ECF No. 9. Judge van Keulen's Order found this request to be disproportionate to the current discovery phase. The Order then modified the request for future discovery, narrowing it to production of the hiree's name and resume, the name of the hiring manager, the job qualification requirements, and the specific criteria used to vet candidates. It also limited the request to those jobs to which Ali applied and from which he did not withdraw his application. Order at 4.

eBay argues that the request is irrelevant and not necessary for Ali to pursue his claims, and that it violates employee privacy rights. Mot. at 4. As with RFP No. 8, the Order appropriately took into account the relevancy, necessity, and proportionality of the request, prohibiting such discovery at this stage and narrowly tailoring the request for future discovery to those jobs to which Ali applied. And unlike the privacy concerns with RFP No. 8, the modified RFP No. 9 is limited to a small number of positions (and in turn employees) and does not require production of potentially sensitive medical information. Also, the protective order the parties have executed can adequately protect confidential information such as this. *See* ECF 57. The Order's ruling on RFP No. 9 was thus not clearly erroneous or contrary to law.

**C.     RFP No. 10**

Ali's RFP No. 10 requested production of eBay's workforce diversity trend data or a list of headcounts for the IT Department that details the national origins, religion, age, and race of the Department's employees for the past ten years. ECF 64-1 at 9. In his discovery letter in support of his RFPs, Ali argued that information produced in response to his RFPs would reveal that

4

1    eBay's IT Department is "dominated by One Protected Class (Race, Religion, National Origin,

2    Language)." ECF 47 at 2. This argument directly applies to ECF No. 10. As with RFP No. 9,

3    Judge van Keulen's Order found this request to be disproportionate to this phase of discovery.

4    Order at 4. The Order then modified the request for future discovery, narrowing it to documents

5    sufficient to reflect the diversity of eBay's workforce, including data specific to its IT Department

6    showing employees' age, national, origin, religion, and race for the years 2015, 2016, and 2017.

7    *Id.*

8         eBay first objects to the extent the request is for company-wide data as opposed to just the

9    IT Department.[1] Mot. at 4–5. Ali's initial request was limited to eBay's IT Department, and this

10   Court reads the Order's modified RFP No. 10 as similarly limited. ECF 64-1 at 10. Next, eBay

11   objects to the modified request because it is neither relevant nor proportional, because Ali was

12   employed for only three months (not three years) and because Ali did not exhaust his

13   administrative remedies with respect to his religious and age discrimination claims.

14        Judge van Keulen clearly considered the relevancy and proportionality of Ali's request.

15   The Order appropriately limits the request in both time and scope, covering only three years'

16   worth of data and only from the IT Department. The requests are further limited in that eBay is

17   not required to "create new documents or compile new data to respond," and it similarly need not

18   produce employment files wholesale. Order at 2. Just as with the Order's findings on RFP Nos. 8

19   and 9, this Court find the Order's resolution as to RFP No. 10 was not clearly erroneous or

20   contrary to law.

21   **III.    ORDER**

22        For the foregoing reasons, this Court REQUIRES A RESPONSE IN PART and DENIES

23   IN PART eBay's Motion for Partial Relief from Magistrate Judge Susan van Keulen's

24   Nondispositive Pretrial Order. The Court HEREBY ORDERS as follows:

25   

---

26   [1] eBay assumes in its argument that the Order limits this request to eBay's Information Security
     organization, as opposed to its IT Department, despite the RFP's plain language. *See* Mot. at 4
27   ("The Court did not specify whether company-wide data or Information Security Data was
     required…."). This Court takes Judge van Keulen's Order on its face to require production related
28   to eBay's IT Department. To the extent RFP No. 10, as modified by the Order, targets instead
     eBay's Information Security organization, the parties may raise the issue with Judge van Keulen.

5

1  (1)  Ali is ORDERED to file a response to eBay's Motion as to whether the

2       Order's modified RFP No. 8 infringes on third-party employees' privacy

3       rights.  Plaintiff shall file a response of not more than 3 pages on or before

4       **August 17, 2018**.  eBay may file a reply of not more than 3 pages on or

5       before **August 24, 2018** addressing the privacy concerns raised by RFP No.

6       8 *only.*

7  (2)  eBay is ORDERED to respond to the modified RFP Nos. 9 and 10 as set

8       forth in the Order at the appropriate stage of discovery.

9

10  **IT IS SO ORDERED.**

11

12 Dated:  August 10, 2018

13                _____

14                BETH LABSON FREEMAN
                 United States District Judge