SYED NAZIM ALI
PRO PER
65 Washington St. Suite # 225
Santa Clara, CA 95050
Phone: (408) 372- 1150
Email: Alex@Cyberlaw101.Com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SYED NAZIM ALI**<br>    **PLAINTIFF**<br><br>vs.<br><br>eBay, INC,<br><br>**DEFENDANT** | Case No. 5;17-CV-06589 BLF<br><br>**PLAINTIFF'S RESPONSE TO EBAY'S MOTION FOR MAGISTRATE ORDER MODIFIED RFP NUMBER 8** |

## INTRODUCTORY STATEMENT

The Plaintiff, SYED NAZIM ALI ("Plaintiff" or "' Ali.") files this Plaintiff Response to eBay's Motion for Magistrate Order Modified RFP No 8 against the Defendant eBay Corporation ("Defendant" of "eBay") , Plaintiffs respectfully submit the Plaintiff 's Response to eBay's Motion for Magistrate Order Modified RFP No. 8 and affirms that it does not infringe upon the third-party employees privacy rights and request that his honorable court maintain its present order as it is.

Plaintiff considers that the Defendant are objecting to the order of the Court because it is a tactic to try and avoid revealing relevant information regarding the discovery for the case, a information that is the key element and foundation of ADA violation, retaliation, and wrongful termination, taking away a due earning opportunity for earning $16,000 monthly ($192K yearly), and a equal and fair opportunity for offering a full-time job to work until retirement (65 year of age, 23 years) that would help Plaintiff to sustain his life, feed his family, and enjoy a normal life style a U.S Citizen and able to obtain all the regular employment benefits and earning up to $4.4M ($192Kx23 years) earning income revenue as other it is offered to other non U.S citizens by Defendant . The Plaintiff has right to exercise all tools of discovery.  The Defendant has mistakenly made several assumptions regarding the instant case, concerning facts that are relevant to the discovery. The Defendant is attempting to attack the Magistrate order which is fair and reasonable given the type of case that is being tried.  The Court has wide discretion in determining what is necessary for discovery.  In this case, the Defendant is over stepping their bounds by attacking the Magistrate order for the RFP Number 8.  The order of the court reference to the Plaintiff's Request for Production Number 8 should be maintained and it does not violate the privacy rights of the Defendant.

### SUMMARY OF PLAINTIFF'S POSITION

The Plaintiff had filed a complaint against the Defendant for discrimination and wrongful termination under the California Fair Employment and Housing Act, Government Code §§ 12940, et seq.  The complaint has eight causes of action in which the primary cause of actions stems from the state claim under the Fair Employment and Housing Act. ( Ref Exhibit 1 – Plaintiff's Complaint.)   The Plaintiff suffered physical and emotional injuries because of the Defendant's conduct.

The Honorable Judge Freeman ordered a phased discovery schedule with the Alternative Dispute Resolution ("ADR") phase to be completed by August 31, 2018, to allow the Parties to complete an

early settlement conference by October 30, 2018.   ECF  40 (adopting ECF  37).   During the ADR phase of discovery, the Parties are permitted sixteen document requests per a side. *Id* the Plaintiff served a set of sixteen RFP's to eBay.  eBay gave canned response along with objections and proposed amended production on June 4, 2018.  The Plaintiff has really tried to work with Defendant about the discovery.  Both parties had discovery letter which indicate their efforts, but they have not been able to reach any type of agreement.   The discovery issue is now before the court.  The court made its ruling by granting relief for the Request for Production of Documents on Numbers 1, 2, 5, 6, 8, 13.for the Plaintiff.  However, the issue before this court is the RFP Number 8 and the Defendant is objecting to the court's ruling.

It is the Plaintiff's position that the Order of the Magistrate should be maintained whereby the Plaintiff can complete the total discovery that is needed in this case to show the Court how the Defendant has service the RFP 8, to other workers, other protective class, and such information should be seek over the past 3 years period, not be limited to during May 23, 2016 to August 6, 2016.

## ARGUMENT

**A. The Present Magistrate Order Should Stand and It Does Not Infringe on the Privacy Rights of the Defendant.**

The present order of the Magistrate should stand about the Request for Production Number 8.   The order of the magistrate does not infringe upon the privacy rights of the Defendant. This is a flawed argument of the Defendant in that they are objection to the present order of the court.  Ali served eBay with a valid notice to produce documents related to his employment in preparation for trial. Cal. Civ. Proc. Code § 1987(c), Cal. Civ. Code § 3295(c). eBay served objections and refused to comply. Ali's request for production of document seeks information directly relevant to his trial for

damages against eBay. Therefore, the documents are material to Ali's 's case and there is good cause to order them to be produced. Cal. Civ. Proc. Code § 1987(c).

The legal justification for maintaining the RFP Number 8 is premise of the case is based on the Discrimination, ADA, Retaliation and Wrongful termination, losses of due earning. Ali had a disability which became apparent in June of 2016. On or about July of 2016, the management of eBay was aware of Ali's medical disability. Ali had problems with his knees and joint and he informed his supervisor. Ali made a request for a Sit and Stand Desk and he expressed that if he did not have this type of desk. It will only created further injury to his joint. This may mean a potential risk of Medical Operative Surgery. The management at eBay decided to ignore the request instead of providing the necessary accommodation. eBay is trying to hide that they deliberately retaliated and discriminated against him. The final retaliation of eBay was the wrongful termination on a contract that should have lasted till December 2016, renewable up to least three to five years as their normal practice, as such practice will be seen in second phase of the discovery. Employee termination is not a privacy right that the Defendant can hide behind. It certainly does not apply in this case. With the protective order in place, all the data the Defendant provide kept confidential between two parties, and Court,, used for the purpose of fair ADR settlement and be used in Jury trial.

Magistrate Order is clearly within its discretion for discovery, relevant, fair illustrating how the Defendant service others the same requests and how many. The ruling of the Magistrate if changed will be prejudicial to the Plaintiff if the Request for Production Number 8 is not allowed in. The documents requested by the Plaintiff are of such a nature that the Plaintiff is entitled to them but should be mandatory to produce. The Defendant is arguing that it is a violation of their privacy right. This is far from the truth. This request is simply to provide the documentation regarding the request for the Sit and Stand Desk which is the key element of this complaint. This request is

- 4 -
**(PLAINTIFF'S RESPONSE TO EBAY'S MOTION FOR MAGISTRATE ORDER MODIFIED RFP NUMBER 8)**

within the scope of discovery. The discovery request does not infringe on the third-party employee's privacy rights

The Court must uphold the magistrate judge's order unless it is "clearly erroneous or contrary to law." Id.; 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions . . . ." *Computer Econ., Inc. v. Gartner Grp.*, Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (citations omitted). "Under this standard, 'the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.'" Id. (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). The "contrary to law" standard, however, "allows independent, plenary review of purely legal determinations by the Magistrate Judge." *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1010 (E.D. Cal. 2011) (citing *FDIC v. Fidelity & Deposit Co. of Md..*, 196 F.R.D. 375, 378 (S.D. Cal. 2000 A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.*" Jadwin*, 767 F. Supp. 2d at 1010-11 (*quoting DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006). The magistrate judge in the case at bar ruling was clearly on point and the discovery order for the RFP Number 8 is within the discretion of the court for the request of production of documents.

**II. The Discovery Order Was Not Overbroad, Unduly Burdensome and Does Not Violate the Employee Privacy Rights**

The discovery requested by the Plaintiff for the RFP to the Defendant was not overbroad nor was it unduly burdensome. The request made by the Plaintiff was reasonable and relevant based on the facts that this is an employment case. In reference to RFP NO. 8, the Defendant is misinterpreting what the Plaintiff is requesting and what the court is ordering. The Sit/Stand request is made in good faith with the understanding that the Defendant is to product any evidence regarding the

- 5 -

**(PLAINTIFF'S RESPONSE TO EBAY'S MOTION FOR MAGISTRATE ORDER MODIFIED RFP NUMBER 8)**

Request for the Sit/ Stand Request. The Defendants are totally incorrect in reference to their attack on the Plaintiff's request and the review that was done by the court.

On or about July 18, 2018, Ali submitted formal helpdesk ticket W00000000477126 as required by the Defendant seeking sit and standing accessory It is known as **"Ergotron"** to facilitate his ADA disability and to work standing rather prolong sitting. This request was submitted Defendant using their system, went to Plaintiff Manager, Richard Geoff. Geoff had made discriminatory comments against Ali and in turn retaliated and failed to approve and canceled his request. Ali made several requests by phone and email but each time he was informed that it had been cancelled **(See Exhibit # 1)**. Meanwhile, the prolonged sitting was only putting more stress on his joints and back. On August 3, 2016, Geoff became angry and retaliated and terminated Ali for no good cause. To conceal the facts, Richard Geoff is no longer works at eBay, Inc, as Defendant tactical legal strategy to isolate him from any Deposition.

It is in the best interest of all the parties to keep the Magistrate Order for RFP 8 because the truth will be revealed by eBay regarding the request for the Sit and Stand Accessory. The order of the magistrate should be maintained for eBay to produce all request which were from May 23, 2016 to August 5, 2018 for the Sit and Stand Desk. In ordering the procedures described above, the magistrate was guided by the Court's responsibility and discretion under Federal Rule 26 to "manage discovery in a way that ensures fairness across the board." The Plaintiff understands that the court has "considerable latitude" in organizing, scheduling, and managing discovery under the Federal and Local Rules. In deciding how to "ensure fairness across the board," Yet, the court did just that in managing the case and asking for the Defendant to produce the discovery that would shed more light on the case.

**(PLAINTIFF'S RESPONSE TO EBAY'S MOTION FOR MAGISTRATE ORDER MODIFIED RFP NUMBER 8)**

1  The court considered the privacy rights and did not abuse their discretion by considering any of the
2  issues raised by the parties or by ordering discovery procedures based on his assessment of the
3  parties' concerns and the facts in this case. The Federal Rules provide magistrate judges with broad
4  discretion to manage discovery based on the facts of the cases before them. See, e.g., *Seattle Times*,
5  467 U.S. at 36 ("The trial court is in the best position to weigh fairly the competing needs and
6  interests of parties affected by discovery. The unique character of the discovery process requires
7  that the trial court have substantial latitude [under Federal Rule 26(c)] to fashion protective
8  orders."); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide
9  discretion in controlling discovery."); *Applied Materials*, 2008 WL 183520, at *1 & n.2. For the
10 case at bar, this Court has wide discretion in maintain the present order which is for eBay to
11 produce the documents regarding RFP Number 8.

12
13 The Defendant's assessment for their privacy right is misguided. There is a Protective Order in
14 place for both parties. This Protective Order is enough to guard and protect the privacy rights of
15 both parties. The nature of this case is that the Plaintiff has been discriminated against along with
16 the ADA Rights which laws protects and strictly prohibits employers to refrain such unfair and
17 unlawful disparate treatment based on one-protected class. Ali belongs to one protective class based
18 on age, national origin, religion, race, and disability. The Defendant is not entitled to the privacy
19 rights. Instead, the Court should maintain the present court's order. Accordingly, the Order of the
20 Magistrate for the RFP Number 8 should be maintained.
21
22
23
24                              **CONCLUSION**
25 Plaintiff has shown meritorious grounds for maintaining the present order of the magistrate for RFP
26 Number 8. Defendant's request must not be ignored. In the interest of justice and fairness, the court
27 should deny the Defendant's request and maintain the present order for the RFP Number 8.
28

- 7 -

**(PLAINTIFF'S RESPONSE TO EBAY'S MOTION FOR MAGISTRATE ORDER
MODIFIED RFP NUMBER 8)**

1  Therefore, the magistrate order should be maintained and in fact Court should expand during to be 2
2  year of such data that will be helpful for delivering a fair justice.
3
4  Respectfully submitted
5  *[signature]*
   Syed Nazim Ali, Plaintiff
6
7  Date: August 12, 2018

(PLAINTIFF'S RESPONSE TO EBAY'S MOTION FOR MAGISTRATE ORDER MODIFIED RFP NUMBER 8)

## CERTIFICATE OF SERVICE

## VIA EMAIL/ U.S MAIL

Case No. 5:17-cv-06589-BLF
Ali v. eBay, Inc

I declare that:

I Syed Nazim Ali, am (resident of/employed in) the county of Santa Clara, California. I am over the age of eighteen years; my (business/residence) address is:
65 Washington St # 225, Santa Clara, CA 95050.

On **August 12, 2018**, I have served the following listed set of document **Regular U.S First Class Mail** to the person identified and address listed below:

**PLAINTIFF'S RESPONSE TO EBAY'S MOTION FOR MAGISTRATE ORDER MODIFIED RFP NUMBER 8 AND EXHIBIT # 1**

**Victoria R. Carradero**
**4400 Bohannon Drive, Suite 230**
**Menlo Park, CA 94025**
**Email: vcarradero@chjllp.com**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on this above date, at Santa Clara, California.

Type or print name; Syed Nazim Ali

Signature _____