# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SYED NAZIM ALI,<br><br>    Plaintiff,<br><br>v.<br><br>EBAY, INC.,<br><br>    Defendant. | Case No. 17-cv-06589-BLF<br><br>**ORDER GRANTING EBAY INC.'S MOTION FOR PARTIAL RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>[Re: ECF 64] |

Before the Court is Defendant eBay, Inc.'s ("eBay") Motion for Partial Relief from Magistrate Judge Susan van Keulen's Nondispositive Pretrial Order. Mot., ECF 64; Order, ECF 54. eBay sought relief from the Order as to three of the requests for production ("RFP") at issue in the parties' July 16, 2018 discovery dispute. *See* ECF 54. Specifically, eBay challenged the Order as to RFP Nos. 8, 9, and 10. This Court denied eBay's motion as to RFP Nos. 9 and 10 in full, and as to RFP No. 8 to the extent eBay challenged Judge van Keulen's proportionality ruling. *See* ECF 66. The Court ordered additional briefing on whether RFP No. 8, as modified by Judge van Keulen, infringes on third-party employees' privacy rights. *See id.* Plaintiff Syed Nazim Ali ("Ali") filed a response[1] (Resp., ECF 68), and eBay replied (Reply, ECF 73). The Court has reviewed the parties' briefs in response to the Court's order requiring additional briefing, eBay's Motion and exhibits, Judge van Keulen's Order, and the parties' discovery letters regarding the dispute (ECF 47; ECF 52), which formed the basis for that Order. For the reasons that follow, eBay's Motion as to RFP No. 8 is GRANTED.

A district court may refer nondispositive pretrial matters to a magistrate judge under 28

---

[1] In its order requiring additional briefing, this Court limited both sets of briefs to three pages. eBay complied with this requirement, but Ali filed an eight-page brief. As such, this Court considers only the first three pages of Ali's Argument Section.

1  U.S.C. § 636(b)(1)(A). The district court "may reconsider any pretrial matter under this
2  subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or
3  contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). On review of a
4  nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the
5  magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry
6  v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This standard is highly deferential—
7  the district judge may not simply substitute his or her judgment for that of the magistrate judge.
8  *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

Ali's original RFP No. 8 requested production of any request made in the last five years by an eBay employee or worker for a sit and stand desk, including production of the worker's name, title, department, age, race, and national origin, as well as the names of the managers responsible for fulfilling each request and eBay's relevant policies. *See* ECF 64-1 at 8. In his discovery letter in support of his RFPs, Ali argued that information produced in response to his RFPs would serve, in part, as the "[f]oundation" to his ADA and failure to accommodate claims. *See* ECF 47 at 2. Taking into account Ali's pro se status, this argument clearly applies to ECF No. 8. Judge van Keulen's Order agreed in part, but modified Ali's request, limiting it to requests for a sit and stand desk received by eBay from May 23, 2016 to August 5, 2016 (Ali's term of employment), requiring production of information sufficient to identify the requesting individuals, and requiring production of the relevant policies. Order at 3. Judge van Keulen did not explicitly consider the privacy concerns raised by this request.

eBay argues in its Motion that the Order is improper for two reasons. *See* Mot. at 2–4. The Court already rejected eBay's first argument, *see* ECF 66, that the request is overbroad and unduly burdensome because it targets all employee requests rather than just Ali's alleged request—that is, that the request requires production of evidence that is irrelevant and disproportionate to the needs of the case, *id.* But eBay's second argument (at issue here) is that the request calls for production of information that may violate third-party employees' privacy rights. *Id.* at 3.

In his response, Ali relies only on the relevancy of the requested documents and their

2

materiality to his case; he does not address the countervailing privacy concerns. He argues that these requests support a "key element" of his complaint because the "premise of the case is based on Discrimination, ADA, Retaliation and Wrongful termination." *See* Resp. at 3–4. He alleges that "eBay is trying to hide that they deliberately retaliated and discriminated against him" by ignoring his request and failing to provide accommodation. *Id.* at 4. He also argues that he will be prejudiced without production of these documents and that Magistrate Judge van Keulen was within her sound discretion in ordering production of these relevant documents. *See id.* at 4–5. Finally, he notes there is a valid protective order in this case, which can keep the requests "confidential," to be used only in relation to this case. *See id.* at 4.

eBay responds, in relevant part,[2] by stating that it has reviewed an "extraction" of the relevant requests and that they include "sensitive information about the medical reasons for the request, including physical ailments, symptoms and/or specific medical diagnoses." Reply at 1. It also argues that the protective order is insufficient protection because it does not (and cannot) allow for "Attorneys' Eyes Only" review. *Id.* at 2.

Judge van Keulen seemingly limited her considerations to the relevancy and proportionality of RFP No. 8. She did not explicitly consider the third-party privacy interests implicated by this request. But in determining whether discovery of private information is warranted, courts must apply a balancing test, weighing such factors as:

> the type of record requested, the information it does or might contain, the potential for harm in any subsequent non-consensual disclosure, the injury from disclosure to the relationship in which the record was generated, the adequacy of safeguards to prevent unauthorized disclosure, the degree of need for access, and whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access.

*Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (citing case law on federal constitutional right to privacy); *see also Williams v. Superior Court*, 3 Cal. 5th 531, 552 (2017) (requiring courts to "balance the[] competing considerations" under California law). As such,

---

[2] eBay also argues that the request is "overbroad and unduly burdensome" because the requested documents are "totally irrelevant" and have "absolutely no bearing on Ali's allegation[s]." Reply at 1–2. This Court already rejected these arguments in its original order, finding Judge van Keulen appropriately considered the relevancy and proportionality of Ali's RFP No. 8 and modified it accordingly. *See* ECF 66 at 3.

3

Judge van Keulen did not apply the appropriate legal standard in this inquiry.

Having reviewed the relevant briefing, this Court holds that Ali has not met his burden in establishing that the need for disclosure here outweighs third party privacy rights to sensitive personal and medical information under this balancing test. He fails even to discuss privacy concerns in making his arguments, despite eBay's showing that the medical information at issue here is extremely sensitive and requires strong protection. He also fails to demonstrate why the protective order is sufficient, given that he (a non-attorney) would have access to the information and that even limited disclosure risks accidental, unauthorized disclosure. Given these failures, the Court finds that production of the requests at issue in RFP No. 8 is not warranted.

The Court thus GRANTS eBay's Motion for Partial Relief from Magistrate Judge Susan van Keulen's Nondispositive Pretrial Order without prejudice to Ali moving to compel production of this information in the second phase of discovery, raising arguments under the appropriate balancing test.

**IT IS SO ORDERED.**

Dated: August 29, 2018

_____
BETH LABSON FREEMAN
United States District Judge